William D. Hyslop
United States Attorney
Eastern District of Washington
Brian M. Donovan
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          vs.<br><br>$8,170.00 U.S. CURRENCY,<br><br>                    Defendant. | VERIFIED  COMPLAINT FOR FORFEITURE *IN REM* |

Plaintiff, United States of America, by its attorneys, William D. Hyslop, United States Attorney for the Eastern District of Washington, and Brian M. Donovan, Assistant U.S. Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

I. NATURE OF THE ACTION

1.      This is an action to forfeit and condemn to the use and benefit of the United States of America the above-captioned Defendant property seized by the United States Postal Inspection Service for violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*                    -1

## II. <u>THE DEFENDANT(S) *IN REM*</u>

2.      The Defendant property consists of the following property:

$8,170.00 U.S. currency, seized by the United States Postal Inspection Service on May 20, 2019, pursuant to the execution of a Federal Search and Seizure Warrant.

## III. <u>JURISDICTION AND VENUE</u>

3.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant property.  This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).  This Court has *in rem* jurisdiction over the Defendant property under 28 U.S.C. § 1355(b).

4.      Upon the filing of this complaint, Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which Plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5.      Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## IV. <u>BASIS FOR FORFEITURE</u>

6.      Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 5 above.

7.      The Defendant property is liable to condemnation and forfeiture to the United States for its use, in accordance with the provisions of 21 U.S.C. § 881(a)(6),

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*                    -2

because it constitutes:  1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## V. <u>FACTS</u>

8.     In 2019, from April through May, the United States Postal Inspection Service ("USPIS") conducted an interdiction. USPIS investigated parcel information in many parts of Washington State, including Yakima. The interdiction targeted inbound Express and Priority Mail parcels and envelopes possibly containing narcotics or monetary proceeds derived from illegal drug trafficking activity.

9.     On or about April 29, 2019, United States Postal Inspectors flagged a parcel they wanted to investigate further due to multiple suspicious characteristics, including a handwritten label and a shipping ZIP code that differed from the ZIP code listed in the return address. This parcel (the "Subject Parcel") was addressed to "PJ Murphy, 517 N. 27th Ave Unit A, Yakima WA 98902," with a return address of "David Anthony, 1021 Martin St, Haines City FL 33844."  The Subject Parcel was postmarked April 23, 2019, from ZIP code 32303, a ZIP code from Tallahassee, Florida, and carried $14.35 in postage that was paid for in cash. The Subject Parcel was shipped from Tallahassee, Florida, to Yakima, Washington. The Subject Parcel is presently in the custody and control of USPIS.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*                    -3

10.    After flagging the Subject Parcel, United States Postal Inspectors directed the Yakima United States Postal Office to look for the Subject Parcel and to forward it to Tukwila, Washington, in the Seattle area, for further inspection. The Subject Parcel was received on May 2, 2019.

11.    On May 2, 2019, to further the investigation, the assistance of Tukwila Police Detective James C. Sturgill and his canine partner, "Apollo," was requested by a postal inspector. Due to the suspicious characteristics of the Subject Parcel and those characteristics being associated with narcotics trafficking, Detective Sturgill and canine Apollo tested whether the Subject Parcel had an odor of narcotics associated with it. To test this, Inspector Nelson Rivera concealed the Subject Parcel in a warehouse storage area, free of the scent of narcotics and outside of the view of canine Apollo. Detective Sturgill and Apollo then searched the warehouse storage area in a systematic manner. There was an immediate change in Apollo's posture and behavior as he alerted to the odor of narcotics emanating from the Subject Parcel by performing a "sit." Ex. 1 at 18 (Sturgill Aff., Attachment C).

12.    Using United States Postal Service and law enforcement databases, Inspector Rivera, researched the sender name and address listed on the Subject Parcel. The address "1021 Martin St., Haines City, FL 33844" is a true and deliverable address, but no individual by the name of "David Anthony" is associated with the address. Inspector Rivera also searched the recipient address and learned it is a true

and deliverable address, but there is no individual by the name of "PJ Murphy" associated with the address.

13.     Inspector Rivera applied for a search warrant. The application contained Inspector Rivera's Affidavit, incorporated herein, which described why there was probable cause to conclude that the Subject Parcel contained controlled substances, currency, documents, narcotics packaging, or other evidence of the mailing and distribution of controlled substances. Ex. 1 at 9-15. On May 20, 2019, the warrant was signed by Magistrate Judge Mary K. Dimke. Ex. 1 at 21.

14.     Also, on May 20, 2019, the federal search warrant was executed on the Subject Parcel. An Inspector opened the outer mailing box and removed a few articles of clothing. In between the items was a stack of U.S. Currency that had been secured with two rubber bands. The Subject Parcel did not contain any notes, receipts, or instructions. The U.S. Currency found in the Subject Parcel totaled $8,170, consisting mostly of twenty-dollar bills. *See* Ex. 1 at 22; Ex. 2 at 29; *see also* Ex. 3 at 32.

15.     On June 18, 2019, USPIS provided notice of the seizure of the Subject Parcel to interested parties.

16.     On July 8, 2019, USPIS received a claim and petition to the property from Phyllis Murphy. Ms. Murphy alleged in her claim form that "[t]he monies that you took via seizure are not part of any money laundering it is repayment from a past loan. The monies were sent via mail because depositing it to my bank was not possible and supposedly mailing money is not illegal." Ex. 3 at 33. Claimant did not

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*                                           -5

provide any corroborating information in support of her claim, such as the name of the lendee, address of the lendee, reason for the loan, documentation for the loan, or any other information that would support her allegation.

## VI. CONCLUSION

WHEREFORE, Plaintiff requests that the Clerk of the Court issue a warrant for the arrest of the Defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the property; that the Defendant property be forfeited and condemned to the United States of America; that Plaintiff be awarded its costs and disbursements in this action and for such other and further relief as this Court deems proper and just.

DATED this 3rd day of October 2019.

William D. Hyslop
United States Attorney

*s/ Brian M. Donovan*
Brian M. Donovan
Assistant United States Attorney

## VERIFICATION

I, Justin Lothyan, hereby verify and declare under penalty of perjury that I am a United States Postal Inspector with the United States Postal Inspection Service in Seattle, Washington, that I have read the foregoing Verified Complaint *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*                    -6

are true to my own knowledge, except those matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States and information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a United States Postal Inspector.

I hereby verify and declare under penalty of perjury that the foregoing information is true and correct.

DATED this ___3rd___ day of October 2019.


_____
Justin Lothyar, U.S. Postal Inspector
United States Postal Inspection Service

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*                                    -7

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**  County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1   U.S. Government
Plaintiff

❏ 3   Federal Question
*(U.S. Government Not a Party)*

❏ 2   U.S. Government
Defendant

❏ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                  *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury  - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
| Student Loans | ❏ 340 Marine | Injury Product | | New Drug Application | ❏ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | | ❏ 840 Trademark | Corrupt Organizations |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | Act | ❏ 862 Black Lung (923) | Protection Act |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | Relations | ❏ 864 SSID Title XVI | ❏ 850 Securities/Commodities/ |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | Exchange |
| | ❏ 362 Personal Injury - | Product Liability | ❏ 751 Family and Medical | | ❏ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 895 Freedom of Information |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | ❏ 896 Arbitration |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | ❏ 899 Administrative Procedure |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | Act/Review or Appeal of |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | ❏ 950 Constitutionality of |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | State Statutes |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1   Original
Proceeding

❏ 2   Removed from
State Court

❏ 3   Remanded from
Appellate Court

❏ 4   Reinstated or
Reopened

❏ 5   Transferred from
Another District
*(specify)*

❏ 6   Multidistrict
Litigation -
Transfer

❏ 8   Multidistrict
Litigation -
Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII.  REQUESTED IN
COMPLAINT:

❏  CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:      ❏ Yes    ❏No

## VIII.  RELATED CASE(S)
IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT                  APPLYING IFP                  JUDGE                    MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Washington

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>One Priority Express mail parcel addressed to<br>PJ Murphy, 517 N. 27th Ave, Unit A,<br>Yakima, WA 98902 | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 1:19-MJ-04039-MKD |

### APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See attachment A incorporated herein by reference

located in the    Eastern    District of    Washington   , there is now concealed *(identify the person or describe the property to be seized)*:

See attachment B incorporated herein by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) | Distribution and Possession with intent to distribute controlled substance |
| 21 U.S.C. 843(b) | Unlawful use of a communication facility, including the U.S. mails, to facilitate the distribution of controlled substance |

The application is based on these facts:
Attached Affidavit in Support of Search Warrant incorporated herein by reference

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Nelson Y. Rivera*

*Applicant's signature*

Nelson Y. Rivera, United States Postal Inspector

*Printed name and title*

☑ Sworn to telephonically and signed electronically

☐ Sworn to before me and signed in my presence.

Date: 5/20/2019

*M. K. Dimke*

*Judge's signature*

City and state: Yakima, Washington

MARY K. DIMKE, U.S. Magistrate Judge

*Printed name and title*

| AUSA: ILG | YAKIMA COUNTY |
|---|---|

EXHIBIT 1

8

1   *AUSA Assigned: Ian L. Garriques*

2   *County of Investigation: Yakima County*

3

4   *In Re: Affidavit in Support of an Application for Search Warrant for the SUBJECT PARCEL currently located at 807 W. 2nd St., Cle Elum, WA 98922*

5

6

7                              **AFFIDAVIT**

8       I, Nelson Y. Rivera, being first duly sworn on oath, depose and say:

9                            **BACKGROUND**

10       1.    I am a United States Postal Inspector, assigned to investigate the unlawful

11 transportation of contraband, including Title 21 controlled substances, through the United

12 States Mail.  I have been employed as a Postal Inspector since February 2012 and am

13 currently assigned to Seattle Division Headquarters, located in Seattle, Washington.  As

14 part of my duties, I investigate the use of the United States Postal Service (USPS) to

15 illegally mail and receive controlled substances, the proceeds of drug trafficking, and

16 instrumentalities associated with drug trafficking, in violation of Title 21, United States

17 Code, Sections 841(a)(1) (distribution and possession with intent to distribute controlled

18 substances), and 843(b) (unlawful use of a communication facility, including USPS, to

19 facilitate the distribution of controlled substances).  I have completed U.S. Postal

20 Inspection Service (USPIS) Basic Inspector Training in Potomac, Maryland and received

21 specialized training in the investigation of controlled substances in the United States

22 mails.  I have received training on the identification of controlled substances, interdiction

23 of controlled substances and proceeds thereof.  I have also become familiar with methods

24 used by individuals to hide, convert, or otherwise conceal illicit narcotics proceeds, and

25 the efforts of persons engaged in transportation and laundering of illicit proceeds to avoid

26 detection, apprehension, and seizure by law enforcement.

27       2.    The information contained in this affidavit is based upon knowledge I

28 gained from my investigation, my personal observations, my training and experience, and

Affidavit of USPIS Inspector Nelson Rivera – 1

EXHIBIT 1                                                            9

1    investigation by other inspectors, agents, and officers. Because the purpose of this
2    affidavit is limited to setting forth probable cause to search the SUBJECT PARCEL
3    described below, I have not set forth every fact of which I am aware pertaining to the
4    investigation. Rather, I have included only those facts relevant to the determination of
5    probable cause.

6         3.      Through my training and experience, I am aware that the USPS is often
7    used to transport controlled substances and/or the proceeds from the sales of controlled
8    substances throughout the United States. I have learned and observed that sometimes
9    drug traffickers mail controlled substances and proceeds in the same parcel. I am also
10    aware that proceeds from the sales of controlled substances are transported in the form of
11    cash, money orders and other monetary instruments. I am aware that cash, as well as
12    money orders purchased with cash, are desirable forms of payment for drug traffickers,
13    given that they are difficult for law enforcement to track.

14         4.      I also know that drug traffickers prefer delivery services such as USPS
15    Express and Priority Mail because of the reliability of these services and the ability to
16    track the article's progress to the intended delivery point. When a drug trafficker learns
17    that a mailed article has not arrived as scheduled, he/she becomes suspicious of any
18    delayed attempt to deliver the item.

19         5.      In addition, I am aware that the USPS Express and Priority Mail services
20    were custom-designed to fit the needs of businesses by providing overnight delivery for
21    time-sensitive materials. Business mailings often contain typewritten labels, are in flat
22    cardboard mailers, and usually weigh less than eight (8) ounces. Businesses often use
23    corporate charge accounts and/or print their account number on the Express and Priority
24    Mail label in order to expedite transactions with USPS.

25         6.      Based on my training and experience concerning the use of Express and
26    Priority Mail for the transportation of controlled substances and/or the proceeds from the
27    sales of controlled substances, I am aware that these parcels usually contain some or all
28

Affidavit of USPIS Inspector Nelson Rivera – 2

EXHIBIT 1        10

of the following characteristics (which are different than characteristics of parcels being sent by legitimate businesses):

a. Unlike typical Express and Priority Mail business mailings which usually have typed labels, parcels containing controlled substances and/or proceeds often have handwritten address information. In addition, the address information often contains misspelled words or incomplete/incorrect addresses. This is done in an effort to help conceal the true identities of the individuals involved.

b. The handwritten label on Express and Priority Mail parcels containing controlled substances and/or proceeds often does not contain a business account number and/or credit card number. This is an indication that the sender likely paid cash. A credit card or business account number would more likely enable law enforcement officers to connect the parcel to identifiable individuals.

c. Express and Priority Mail parcels containing controlled substances and/or proceeds often stand out from typical business mailings as they do not bear any advertising on the mailing container/box, and are usually being mailed from one individual to another.

d. The sender and/or recipient addresses on Express and Priority Mail parcels containing controlled substances and/or proceeds often are either fictitious or persons not known to postal personnel familiar with the addresses listed.

e. The zip codes for the sender addresses on Express and Priority Mail parcels containing controlled substances and/or proceeds often are different from the zip codes of the post offices from where the parcels were mailed.

f. Express and Priority Mail parcels containing controlled substances and/or proceeds are often heavily taped on their seams in an effort to conceal scent.

g. Express and Priority Mail parcels containing controlled substances and/or proceeds often include a waiver of signature.

Affidavit of USPIS Inspector Nelson Rivera – 3

EXHIBIT 1      11

1    7.    Inspectors who encounter a parcel with any or all of the above

2  characteristics often further scrutinize the parcel by, among other tactics, conducting

3  address verifications and using a trained narcotic-detecting canine.

4                        **ITEMS TO BE SEARCHED**

5    8.    This affidavit is made in support of an application for a search warrant for

6  one USPS Express Mail parcel, hereafter referred to as the "SUBJECT PARCEL," which

7  is currently located at 807 W. 2nd St., Cle Elum, WA 98922, and which is further

8  described in Attachment A, attached hereto and incorporated herein by reference,. This

9  parcel is believed to contain controlled substances, evidence associated with controlled

10  substances distribution as described below, or proceeds from the sale of controlled

11  substances. The SUBJECT PARCEL, presently in the custody and control of the United

12  States Postal Inspection Service in the Eastern District of Washington, is further

13  described as follows: One Priority Express mail parcel addressed to "PJ Murphy, 517 n

14  27th Ave Unit A, Yakima WA 98902," with a return address of "David Anthony, 1021

15  Martin St, Haines City FL 33844." This parcel measures approximately 11" x 8" x 6 with

16  a weight of approximately 3 pounds and 8 ounces. The SUBJECT PARCEL is

17  postmarked April 23, 2019, from zip code 32303, Tallahassee, FL and carries $14.35 in

18  postage. The delivery confirmation number is 9505 5134 4218 9113 3041 10.

19                        **ITEMS TO BE SEIZED**

20    9.    The application requests that law enforcement officers and agents be

21  authorized to seize the following from the SUBJECT PARCEL, which constitute the

22  fruits, instrumentalities, and evidence of mailing and distribution of controlled substances

23  in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and

24  possession with intent to distribute controlled substances) and 843(b) (unlawful use of a

25  communication facility, including the U.S. mails, to facilitate the distribution of

26  controlled substances), as described in Attachment B, and incorporated by reference

27  herein:

28

Affidavit of USPIS Inspector Nelson Rivera – 4

EXHIBIT 1                                                                            12

a.  Controlled substances, such as, cocaine, crack cocaine, heroin, hashish, marijuana, methamphetamine, MDMA, methadone, oxycodone, and Oxycontin;

b.  Monetary instruments, such as, currency, money orders, bank checks, and gift cards;

c.  Controlled substance-related paraphernalia and packaging;

d.  Documentary evidence relating to the purchase, sale, and/or distribution of controlled substances;

e.  Notes, letters and other items which communicate information identifying the sender and/or recipient or pertaining to the contents of the mailing; and

f.  Fingerprints and/or handwriting, to identify who handled and/or mailed the parcel.

## BACKGROUND OF INVESTIGATION

10.  From April through May, 2019, the U.S. Postal Inspection Service was conducting an interdiction, investigating parcel information in many parts of Washington State, including Yakima, WA.  The emphasis for the interdiction was targeting inbound Express and/or Priority Mail parcels and envelopes possibly containing narcotics and/or monetary proceeds derived from illegal drug trafficking activity.

11.  On or about April 29, 2019, in Yakima, WA, the SUBJECT PARCEL was initially identified as a suspicious parcel due to the fact that the parcel is marked with a handwritten label which does not contain any business account information or telephone numbers and was shipped from a zip code differing from one listed in the return address. In addition the SUBJECT PARCEL was shipped from Tallahassee, FL to Yakima WA.  I know through my training and experience that Florida is a destination state for marijuana parcels shipped from the source state of Washington.  Postage for the SUBJECT PARCEL was paid in cash.  I know through my training and experience that these are tactics commonly used by drug traffickers using the U.S. Mails in an attempt to elude detection by law enforcement.  The SUBJECT PARCEL was forwarded and received by

Affidavit of USPIS Inspector Nelson Rivera – 5

EXHIBIT 1                                                                                          13

1 USPIS in Seattle, Washington on May 2, 2019, and presented to a narcotics detection

2 canine, which alerted to the SUBJECT PARCEL for the scent of narcotics. The

3 SUBJECT PARCEL is now in my custody and control and has been transported back to

4 the Eastern District of Washington for search warrant presentation and execution.

5       12.     Using USPS and law enforcement databases, I researched the sender name

6 and address listed on the SUBJECT PARCEL. I learned that the address "1021 Martin St,

7 Haines City FL 33844" is a true and deliverable address; however, no individual by the

8 name of "David Anthony" is associated with the address. I also searched for variations

9 for the name and was not able to identify anyone residing in that residence or town with

10 the name "David Anthony".

11       13.     Using USPS and law enforcement databases, I also researched the recipient

12 address. I learned that the address is a true and deliverable address; however, there is no

13 individual by the name of "PJ Murphy" associated with the address. I also searched for

14 the last name Murphy and I was unable identify anyone with the last name Murphy

15 associated with this address.

16       14.     Based upon this information, on May 2, 2019 at approximately 1:00 PM,

17 inspectors requested the assistance of Tukwila Police Detective J. Sturgill and his canine

18 partner "Apollo" at the Seattle Processing and Distribution Center located at 10700 27th

19 Ave. S., Seattle, WA 98168.   Inspectors concealed the SUBJECT PARCEL in a

20 warehouse storage area, free of the scent of narcotics and outside the view of canine

21 Apollo.  At approximately 1:19 PM, Detective Sturgill and Apollo began to search the

22 warehouse storage area in a systematic manner.  At approximately 1:31 PM, Detective

23 Sturgill observed an immediate change in Apollo's posture and behavior as he alerted to

24 the odor of narcotics emanating from the SUBJECT PARCEL by performing a 'sit.'

25 Attachment C contains an affidavit detailing Detective Sturgill's training and experience

26 with canine Apollo.

27

28

Affidavit of USPIS Inspector Nelson Rivera – 6

# CONCLUSION

15.     Based on the facts set forth in this Affidavit, I believe there is probable cause to conclude that the SUBJECT PARCEL contains controlled substances, currency, documents, narcotics packaging, or other evidence, more fully identified in Attachment B, of the mailing and distribution of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution  and possession with intent to distribute controlled substances) and 843(b) (unlawful use of a communication facility, including the U.S. mails, to facilitate the distribution of controlled substances).

*Nelson Y. Rivera*
_____
Nelson Y. Rivera
United States Postal Inspector

SUBSCRIBED electronically and SWORN telephonically to before me this 20th day of May, 2019.

*M K Dimke*
_____
MARY K. DIMKE
United States Magistrate Judge

Affidavit of USPIS Inspector Nelson Rivera – 7

EXHIBIT 1                                                                                   15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTACHMENT A

### Parcel to be searched

1.    One Priority Express mail parcel addressed to "PJ Murphy, 517 n 27th Ave Unit A, Yakima WA 98902," with a return address of "David Anthony, 1021 Martin St, Haines City FL 33844." This parcel measures approximately 11" x 8" x 6 with a weight of approximately 3 pounds and 8 ounces. The SUBJECT PARCEL is postmarked April 23, 2019, from zip code 32303, Tallahassee, FL and carries $14.35 in postage. The delivery confirmation number is 9505 5134 4218 9113 3041 10.

ATTACHMENT A  - 1
PARCEL TO BE SEARCHED

EXHIBIT 1                                                                                         16

# ATTACHMENT B

## Items to be seized

The following items that constitute evidence, instrumentalities, or fruits of violations of Title 21, United States Code, Section 841(a)(1), distribution and possession with intent to distribute controlled substances, and Section 843(b), unlawful use of a communication facility, including the U.S. mails, to facilitate the distribution of controlled substances:

a.  Controlled substances, such as, cocaine, crack cocaine, heroin, hashish, marijuana, methamphetamine, MDMA, methadone, oxycodone, and Oxycontin;

b.  Monetary instruments, such as, currency, money orders, bank checks, and gift cards;

c.  Controlled substance-related paraphernalia and packaging;

d.  Documentary evidence relating to the purchase, sale, and/or distribution of controlled substances;

e.  Notes, letters and other items which communicate information identifying the sender and/or recipient or pertaining to the contents of the mailing; and

f.  Fingerprints and/or handwriting, to identify who handled and/or mailed the parcel.

ATTACHMENT B  - 1
ITEMS TO BE SEIZED

EXHIBIT 1                                                                                              17

ATTACHMENT C

## Tukwila Police Department
## Anti-Crime Team K-9

Detective James Sturgill
May 2, 2019

---

**DETAILS**

On May 2, 2019 at 1319 hours, I, Tukwila Police Detective/ USPIS TFO J. Sturgill assisted USPIS with a suspicious parcel at the Seattle Processing and Distribution Center located at 10700 27th Avenue South, Tukwila, Washington 98168. My canine partner (Apollo) and I searched a warehouse to clear it of any scent of narcotics. USPIS Inspector Nelson Rivera then placed the suspicious package in the warehouse out of the view of my canine partner, "Apollo" and I. At approximately 1319 hours, Apollo and I started the search for the suspicious parcel by sniffing the warehouse in a systematic manner. Upon encountering the parcel, Apollo stopped and took several deep breaths and sat. When Apollo sits, it is an indication to me that he could smell the odor of narcotics coming from the parcel. I rewarded Apollo with a rubber ball. At approx. 1331 hours, Apollo alerted on the following parcel:

**Tracking #: 9505 5134 4218 9113 3041 10**

**Sender: David Anthony. 1021 Martin St, Haines City FL 33844**

**Recipient: PJ Murphy 517 n 27th Ave Unit A, Yakima WA**

This concludes my involvement in the case.

**OFFICERS TRAINING/EXPERIENCE**

I, James Sturgill have been a commissioned law enforcement officer for the past sixteen years. I am employed by the City of Tukwila and have recently been assigned to the Tukwila Anti-Crime Team; I am currently the K-9 Narcotic's Detective assigned to that unit. During my career, I have investigated several narcotics-related crimes in and around the City of Tukwila.

My current duties include investigating federal and state narcotics violations within the jurisdiction of the County of King, the State of Washington, and the United States.

During my career, I have received extensive training to include: 720 hours at the Washington State Criminal Justice Training Center's Basic Law Enforcement Academy. This training includes numerous hours of instruction on Criminal Law, Property Crimes, Crimes against Persons, basic report writing, Narcotics Investigations and recognition (including the recognition of marijuana, cocaine, heroin and methamphetamine). I have received further training to assist me with narcotics investigations and arrests. In 2006, I received 48 hours of Gang Investigation and Street Crimes training. These courses included gang and narcotic recognition, buy bust operations, surveillance and interview techniques, how narcotics are transported and where narcotics can be hidden in vehicle's, homes, and in humans. In 2013, I received 24 hours of similar training by attending Gangs in the Northwest and Street Survival. I also attended How to Manage a CI in 2013. This course focused on how to interview suspects of narcotics

EXHIBIT 1                                                                                         18

ATTACHMENT C

related offenses and how to turn that person into a confidential informant. This course included interview techniques and basic search warrant preparation and service. In 2014, 2015 and 2018, I received nationally recognized narcotics training provided by California Narcotics Officers Association (CNOA). In 2014, 2015 and 2018 I received nationally recognized narcotics training provided by Washington State Narcotics Investigators Association (WSNIA). Both CNOA and WSNIA are 4-day classroom courses containing numerous narcotic related classes. In 2015 and 2018, I attended Operation Jetway Interdiction training. This 32-hour classroom course is conducted by EPIC/DEA and focuses on the many ways that police officers can interdict drugs and drug proceeds from DTO's. In 2016, I completed the 200-hour Washington State Narcotic's Canine Course. During the 6-week course, my canine partner "Apollo" was trained to identify and alert on the odors of Cocaine, Heroin, Methamphetamine and Marijuana. In 2017, I received 40 hours of classroom interdiction training with the nationally recognized International Narcotics Interdiction Association (INIA). During the early part of my career, I worked numerous cases with the Tukwila Anti-Crime (TAC) Team, working as a uniformed take down officer. I assisted the TAC Team with several buy walks and buy busts during my career. I also personally investigated numerous VUCSA cases while working as a patrol officer in the City of Tukwila.

By virtue of my assignment with the TAC Team, I am authorized to conduct investigations into violations of the Controlled Substances Act. In doing so, I have conducted a variety of investigations into violations ranging from simple possession of narcotics to the sales of narcotics. Because of this experience and training, I am familiar with common methods of investigating drug trafficking and have become familiar with the methods of operation of drug traffickers, their use of cellular telephones, telephone pagers, emails, and other electronic means of communication to further their narcotics trafficking activities; and their use of numerical codes, code words, counter-surveillance, and other methods of avoiding detection by law enforcement. I am also familiar with the various methods of packaging, delivering, transferring, and laundering.

I have participated in the execution of narcotics search warrants. Most commonly, these warrants authorize the search of locations ranging from the residences of drug traffickers and their coconspirator/associates, to locations used to manufacture, distribute and hide narcotics and drug proceeds. Materials searched for and often recovered in these locations include packaging materials, manufacturing items, scales, weapons, documents and papers reflecting the distribution of controlled substances and the identity of coconspirator associates, and papers evidencing the receipt, investment, and concealment of proceeds derived from the distribution of controlled substances.

**CANINE QUALIFICATIONS**

I'm currently assigned to the Tukwila Anti-Crime Team and handle a narcotics canine as a collateral duty. In November 2016, I completed the state mandated requirement of 200 hours of canine narcotics specific training and met the canine performance standards set by the Washington Administrative Code (W.A.C.) 139-05-915 for the Narcotic Dog Handler (General Detection).

On November 13, 2016 Canine "Apollo" and I were certified as a team by the Washington State Police Canine Association. We recertified on January 8th, 2019 in Bothell, WA. The WSPCA is an organization with voluntary membership to improve training and effectiveness of canine teams statewide. The WSPCA certification is also voluntary with more stringent standards than the state requirement. The substances trained on by the team are cocaine, heroin, methamphetamine and marijuana.

Apollo is a passive alert canine and he is trained to give a "sit response" after having located the specific

EXHIBIT 1                                                                                      19

ATTACHMENT C

location the narcotics odor is emitting from.  The handler is trained to recognize the changes of behavior the canine exhibits when it begins to detect the odor of narcotics.   The odor can be emitting from the controlled substance itself, or it can be absorbed into items such as currency, clothing, containers, packaging material, etc.  Narcotic smelling canines such as "Apollo" have an inherently keen sense of smell and will continue to alert on the container or item depending on the length of exposure to the controlled substance, and the amount of ventilation the item is exposed to.

Apollo's reward for finding narcotics / narcotic related items is a rubber ball or leather strap.  Apollo and I continue to train on a regular basis to maintain our proficiency as a team.
On-going training includes or will include:
- Training in all areas of interdiction, such as vehicles, boats, truck tractor and trailers, schools, currency, parcels and mail, airports and airplanes, bus and bus depots, storage units, residences, trains and train depots, prisons, motels, apartments, etc.
- Training on various quantities of controlled substances, ranging from grams to ounces, and pounds when available.
- Training on novel odors, such as odors that are distracting, masking, or new.
- Training on controlled negative (blank) testing, in which all objects or locations have no contraband present
- Training in "Double Blind" scenarios
- Extinction training, which proofs the dog and prevents him from alerting to common items associated with controlled substances, such as plastic bags, etc.

I maintain both training logs and field activity/application reports.  Both are available for review upon request.  At this time the team has found over 1000 narcotics substance training aids and 86 applications in the field resulting in the seizure of narcotics and currency.

Canine Apollo is trained to detect the presence of marijuana, heroin, methamphetamine, and cocaine. Canine Apollo cannot communicate which of these substances he has detected. Canine Apollo can detect minuscule amounts of these four substances. Canine Apollo cannot communicate whether the detected substance is present as residue or in measurable amounts. Despite these limitations, canine Apollo's alert provides probable cause to believe that evidence of a Violation of a Uniform Controlled Substance Act may be found where the canine provides a positive alert for the odor of controlled substances.

I certify or swear under the penalty of perjury the foregoing statement is true and correct.

Detective James C. Sturgill
Tukwila Police TAC Team
Badge #151

EXHIBIT 1                                                                                                                      20

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of Washington

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>One Priority Express mail parcel addressed to<br>PJ Murphy, 517 N. 27th Ave, Unit A,<br>Yakima, WA 98902 | )<br>)<br>)    Case No.    1:19-MJ-04039-MKD<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     Eastern     District of     Washington
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A incorporated herein by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein by reference

**YOU ARE COMMANDED** to execute this warrant on or before     May 31, 2019     *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     Mary K. Dimke     .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:     **9:40 PM, May 20, 2019**         *m k Dimke*
                                                                                                        *Judge's signature*

City and state:     Yakima, Washington         MARY K. DIMKE, U.S. Magistrate Judge
                                                                                              *Printed name and title*

EXHIBIT 1                                                                                                                      21

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>1:19-MJ-04039-MKD | Date and time warrant executed:<br>5/20/2019 | Copy of warrant and inventory left with:<br>USPS |
| Inventory made in the presence of : *C. Lemon, FBI* | | |
| Inventory of the property taken and name of any person(s) seized:<br><br>$8,170.00 in USC. | | |

| Certification |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 5/20/19

_____
*Executing officer's signature*

_____
*Printed name and title*

EXHIBIT 1                                                                                                     22

1

2

3

## **ATTACHMENT A**

Parcel to be searched

4

5

6

7

8

9

     1.     One Priority Express mail parcel addressed to "PJ Murphy, 517 n 27th Ave Unit A, Yakima WA 98902," with a return address of "David Anthony, 1021 Martin St, Haines City FL 33844." This parcel measures approximately 11" x 8" x 6 with a weight of approximately 3 pounds and 8 ounces. The SUBJECT PARCEL is postmarked April 23, 2019, from zip code 32303, Tallahassee, FL and carries $14.35 in postage. The delivery confirmation number is 9505 5134 4218 9113 3041 10.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT A  - 1
PARCEL TO BE SEARCHED

EXHIBIT 1                                                                                    23

# **ATTACHMENT B**

## Items to be seized

The following items that constitute evidence, instrumentalities, or fruits of violations of Title 21, United States Code, Section 841(a)(1), distribution and possession with intent to distribute controlled substances, and Section 843(b), unlawful use of a communication facility, including the U.S. mails, to facilitate the distribution of controlled substances:

a. Controlled substances, such as, cocaine, crack cocaine, heroin, hashish, marijuana, methamphetamine, MDMA, methadone, oxycodone, and Oxycontin;

b. Monetary instruments, such as, currency, money orders, bank checks, and gift cards;

c. Controlled substance-related paraphernalia and packaging;

d. Documentary evidence relating to the purchase, sale, and/or distribution of controlled substances;

e. Notes, letters and other items which communicate information identifying the sender and/or recipient or pertaining to the contents of the mailing; and

f. Fingerprints and/or handwriting, to identify who handled and/or mailed the parcel.

ATTACHMENT B - 1
ITEMS TO BE SEIZED

EXHIBIT 1                                                                 24

1  Joseph H. Harrington
   United States Attorney
   Ian L. Garriques
2  Assistant United States Attorney
   402 E. Yakima Avenue, Suite 210
3  Yakima, Washington  98901
   (509)  454-4425
4

5              IN THE UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF WASHINGTON
6

7  IN THE MATTER OF THE              NO: 1:19-MJ-04039-MKD
   SEARCH OF
8                                    United States' Motion to Seal
9                                    Application for Search Warrant,
   One Priority Express mail parcel  Search Warrant, and Affidavit for
10 addressed to PJ Murphy,           Search Warrant
   517 N. 27th Ave, Unit A,
11 Yakima, WA 98902

12

13        The United States of America, by and through Joseph H. Harrington, United

14
   States Attorney for the Eastern District of Washington, and Ian L. Garriques, Assistant
15

16 United States Attorney, moves the Court for an Order sealing the Application for

17 Search Warrant, Search Warrant, and Affidavit for Search Warrant on the grounds that

18
   disclosure at this time may jeopardize the on-going investigation by the United States
19

20 Postal Inspector.

21        DATED May 16, 2019

22

23

24                              Joseph H. Harrington
                                United States Attorney
25

26                              Ian L. Garriques
                                Assistant United States Attorney
27

28

EXHIBIT 1                                                    25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

IN THE MATTER OF THE
SEARCH OF

One Priority Express mail parcel
addressed to PJ Murphy,
517 N. 27th Ave, Unit A,
Yakima, WA 98902

NO: 1:19-MJ-04039-MKD

Order Sealing Application for
Search Warrant, Search Warrant,
and Affidavit for Search Warrant

Upon motion by the government,

IT IS ORDERED that the Application for Search Warrant, Search Warrant, and Affidavit for Search Warrant be sealed by the Clerk of Court until further order of the Court.

Executed this ____20th____ day of May, 2019.

m. k. Dimke

HON. MARY K. DIMKE
United States Magistrate Judge

EXHIBIT 1                                                                                          26

# Murphy Case – 2834769-PMN
# Opening Picture 1



EXHIBIT 2                                                                                     27

# Murphy Case – 2834769-PMN
# Opening Picture 2



EXHIBIT 2                                    28

# Murphy Case – 2834769-PMN
# Opening Picture 3



EXHIBIT 2                                                                29

# CLAIM DETAILS

**Tracking Number:** 1959-9CA-542-70C
**Filed on:** July 08, 2019
**Claimant:** Murphy, Phyllis

## Documents included:

* Standard Online Claim Form

07/08/2019

EXHIBIT

30



# CLAIM FORM

**YOU MUST COMPLETE <u>ALL</u> PARTS OF THIS FORM FOR THE ASSETS YOU ARE CLAIMING.**

**Note**: There is no legal form or format required for filing a claim; this document is provided for your convenience. Please visit https://www.forfeiture.gov/FilingClaim.htm for more specific guidance on filing your claim with the appropriate seizing agency.

**Frivolous Claim Statement:** If a court finds that a claimant's assertion of an interest in property was frivolous, the court may impose a civil fine. Title 18 United States Code, Subsection 983(h). A false statement or claim may subject a person to criminal prosecution under Title 18 United States Code, Sections 1001 and 1621.

**Privacy Act Notice:** The Department of Justice is collecting this information for the purpose of processing your claim. Providing this information is voluntary; however, the information is necessary to process your application. Information collected is covered by Privacy Act System of Records Notice Department of Justice (DOJ), DOJ-002-DOJ Computer Systems Activity & Access Records, Federal Register (71 FR 29170). This information may be disclosed to contractors when necessary to accomplish an agency function, to law enforcement when there is a violation or potential violation of law, or in accordance with other published routine uses. For a complete list of routine uses, see the system of records notice listed above.

1959-9CA-542-70C                                                                                   7/8/19

EXHIBIT                                                                                            31

## SECTION I - CONTACT INFORMATION

| CLAIMANT INFORMATION |
|---|

**Claimant/Contact Name:** (Last, First)
Murphy, Phyllis

| **Business/Institution Name:** (if applicable) | **Prisoner ID:** (if applicable) |
|---|---|

**Address:** (Include Street, City, State, and Zip Code)
po box 730996
san jose, CA 95173

**Social Security Number/Tax Identification Number:** (Enter N/A if you do not have one)

| **Phone:** (optional) | **Email:** (optional) |
|---|---|
| | sbts2@aol.com |

*If any of this information changes, you are responsible for notifying the agency of the new information.*

## SECTION II - ASSET LIST

*List each asset ID and asset description that you are claiming.*

| # | Asset ID | Asset Description |
|---|---|---|
| 1 | 19-USP-001659 | $8,170.00 U.S. Currency, SN: ****      seized by the USPIS on May 20, 2019 in Yakima, WA. |

## <u>SECTION III - INTEREST IN PROPERTY</u>

*Identify your interest in each of the assets you are claiming. If you are filing for multiple assets and the responses are not the same for each asset, please print out multiple copies of this page to submit with the claim. If you have documentation that supports your interest in the claimed assets (e.g., bill of sale, retail installment agreements, contracts, titles or mortgages), please include copies of the documents with the submission of the claim.*

| INTEREST IN PROPERTY INFORMATION | |
| --- | --- |
| **Asset ID** | **Asset Description** |
| 19-USP-001659 | $8,170.00 U.S. Currency, SN: ****     seized by the USPIS on May 20, 2019 in Yakima, WA. |

**In the space below, please explain why you have a valid, good faith, and legally recognizable interest in this asset:**

The monies that you took via seizure are not part of any money laundering it is repayment from a past loan.  The monies were sent via mail because depositing it to my bank was not possible and supposedly mailing money is not illegal.

**In the space below, please list any documents you are including in support of your interest in the asset(s). If none are included, please explain why.**

It was repayment from a past loan.

## SECTION IV - RECOVERY OF LOSS

No Recovery of Loss exists.

## SECTION V - DECLARATION

*The following declaration must be completed by the claimant.*

   I attest and declare under penalty of perjury that my claim is not frivolous and the information provided in support of my claim is true and correct to the best of my knowledge and belief.

|                                            |
| ------------------------------------------ |
| Electronically Signed                      |
| **Signature**                              |
| Murphy, Phyllis                            |
| **Printed Name**                           |
| 7/8/19                                     |
| **Date**                                   |

If a court finds that a claimant's assertion of an interest in property was frivolous, the court may impose a civil fine. Title 18 United States Code, Subsection 983(h). A false statement or claim may subject a person to criminal prosecution under Title 18 United States Code, Sections 1001 and 1621.

1959-9CA-542-70C

EXHIBIT

7/8/19

34